Mariana GAMALIE; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Mariana Gamalie;  et al., Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–75960, 05–72114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed July 23, 2008.

Robert B. Jobe, Law Offices of Robert B. Jobe, Arwen Swink, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Rosanne M. Perry, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Mark Steger Smith, USBI—Office of the U.S. Attorney, Billings, MT, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

MEMORANDUM **

1. Both the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) properly denied Mariana Gamalie's and her family's (collectively Gamalie) applications for asylum, withholding of removal, and protection under the Convention Against Torture. Although Gamalie testified that, as a successful business owner, party officials demanded bribes, pressured her to post party propaganda in her store, and allegedly confiscated a year's worth of profit related to the sale of alcohol, tobacco, and coffee, the record does not reflect evidence of sufficient economic harm to constitute past persecution under the Refugee Act. *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir.2000). Gamalie's testimony revealed that virtually all business owners were subject to coercive government practices including harassment and bribes. Neither Gamalie nor her family were physically harmed in any manner,

and Gamalie was able to successfully liquidate her business before returning to the United States to live.

The evidence of financial harm in this case does not rise to the level of economic persecution we have required in other cases to justify asylum. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1076 (9th Cir.2004). Romanian party officials did not engage in activity that destroyed the means of production by which the factory or store operated, harassed Gamalie to the extent she was unable to retain staff in her store, entirely prevented Gamalie and her husband from running their businesses, or engaged in a pattern of violence that would make continued work virtually impossible. *See id.* at 1075–76; *Surita v. INS*, 95 F.3d 814, 819–20 (9th Cir.1996); *Yazitchian v. INS*, 207 F.3d 1164, 1168 (9th Cir.2000).

The IJ properly found the evidence inadequate to conclude an inability or unwillingness by Romanian police to control general crimes perpetrated against Gamalie. Police ultimately apprehended the suspects of the burglary of Gamalie's warehouse and they served six months in jail. Likewise, police attempted to identify those placing threatening calls, apparently family members of the perpetrators of the burglary attempting to dissuade Gamalie from testifying in court. That the police were unsuccessful in catching the callers making the threats is not evidence of inability to protect her from alleged persecution.

Finally, there is insufficient evidence to compel the conclusion that Gamalie was persecuted on account of her reli-

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gion. Although she was "mocked" and others suggested that she would be better off had she not converted to evangelical Christianity, she was not restricted in her attempts to worship. Because the record does not support a finding of past persecution, a presumption of future persecution is unwarranted, and Gamalie introduces insufficient evidence that her fear of returning to Romania is objectively reasonable, even if it may be subjectively genuine. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). The BIA and IJ's determination that Gamalie and her family were not entitled to asylum on account of Gamalie's political beliefs, substantial economic deprivation, and religious convictions is supported by substantial evidence.

Since Gamalie has not established that she is entitled to asylum, and the requirements for demonstrating such entitlement are more lenient than standards of proof for withholding of removal under 8 U.S.C. § 1231(b)(3), Gamalie's claim for withholding of removal necessarily fails. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). Similarly, Gamalie's claim under the Convention Against Torture must fail because the record does not support a finding that it is more likely than not that Gamalie and her family will be tortured if they return to Romania. *See* 8 C.F.R. § 208.16(c)(2).

■ 2. The BIA did not abuse its discretion in denying Gamalie's motion to reopen. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1018 (9th Cir.2004). None of the information Gamalie submitted as newly discovered evidence is sufficient to compel the BIA to reopen the matter because none of it establishes a *prima facie* case for asylum. *See INS v. Wang,* 450 U.S.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

139, 145, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam).

**PETITIONS DENIED.**